UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **PERSONALWEB TECHNOLOGIES, LLC; LEVEL 3 COMMUNICATIONS, LLC,**<br><br>    **Plaintiffs,**<br><br>    v.<br><br>**APPLE INC.,**<br><br>    **Defendant.** | Case No.: 4:14–CV–1683 YGR<br><br>**ORDER GRANTING MOTION OF DEFENDANT TO STAY PENDING *INTER PARTES* REVIEW** |

## I.  INTRODUCTION

As set forth herein, the Court **GRANTS** the motion of defendant Apple Inc. to stay this case in favor of *inter partes* review proceedings currently underway before the U.S. Patent and Trademark Office ("PTO"). (Dkt. No. 125.)[1] Roughly half of the claims at issue in this case are currently subject to *inter partes* review proceedings instituted by either the defendant or a third party. Thus, the likelihood of substantial narrowing of the issues before the Court justifies entry of a stay.

## II.  BACKGROUND

### A.  *INTER PARTES* REVIEW

The Leahy–Smith America Invents Act ("AIA"), introduced in 2012, replaced the former *inter partes* reexamination proceeding with an *inter partes* review process. *Semiconductor Energy Lab. Co., Ltd. v. Chimei Innolux Corp.,* Case No. 12–cv–21 JST, 2012 WL 7170593, at *1 (C.D. Cal. Dec. 19, 2012). Once a petition for *inter partes* review is filed, the PTO must decide within

---

[1] Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the Court vacated the hearing set for September 9, 2014. (Dkt. No 130.)

three months whether to grant *inter partes* review. 35 U.S.C. § 314(b). The PTO may institute *inter partes* review only when it determines that "there is a reasonable likelihood that the petitioner would prevail with respect to at least one of the claims challenged in the petition." 35 U.S.C. § 314(a). If the PTO grants a petition for *inter partes* review, the Patent Trial and Appeal Board ("PTAB") must complete the *inter partes* review within one year. 35 U.S.C. §§ 6(a)-(c), 316(a)(11).

### B. THE INSTANT LITIGATION

The suit at bar comprised part of the second of two waves of litigation that plaintiff PersonalWeb Technologies LLC ("PersonalWeb") filed in the Eastern District of Texas encompassing the same seven patents, all of which involve data storage systems that use "substantially unique identifiers" to identify and access data. PersonalWeb filed the first wave of suits in December 2011 against EMC, VMWare, Google, Facebook, and others. The suits against EMC, VMWare, Google, Facebook and NetApp have been transferred to this District, where Judge Davila stayed them pending the resolution of *inter partes* review proceedings.[2]

In September 2012, PersonalWeb instituted a second wave of suits in the Eastern District of Texas against companies such as Microsoft, Yahoo, IBM, and Rackspace. The second wave included PersonalWeb's instant suit against Apple, which alleges that Apple's iCloud and iTunes Match services infringe the seven patents-in-suit.[3]

In April 2013, Apple moved to transfer this case to the Northern District of California. Judge Davis of the Eastern District of Texas conditionally granted this motion upon completion of the *Markman* hearing and issuance of his Claim Construction Order. The PTO granted NetApp's petition for *inter partes* review of the '791 patent on July 25, 2013. On August 5, 2013, Judge Davis issued his Claim Construction Order regarding all seven patents-in-suit. In September 2013,

---

[2] *PersonalWeb Technologies LLC v. EMC Corp. et al* (5:13–cv–01358 EJD); *PersonalWeb Technologies LLC v. Google Inc. et al* (5:13–cv–01317 EJD); *PersonalWeb Technologies LLC v. Facebook Inc.* (5:13–cv–01356 EJD); *PersonalWeb Technologies LLC v. NetApp Inc.* (5:13–cv–01359 EJD).

[3] U.S. Patent Nos. 5,978,791; 6,415,280; 7,802,310; 7,945,539; 7,945,544; 7,949,662; 8,001,096.

2

Apple filed a petition with the PTO requesting *inter partes* review of four claims of the '310 patent. Judge Davis transferred this case to this District in February 2014, and the PTO granted *inter partes* review in March 2014. On April 15, 2014, the PTO granted Rackspace's petition for *inter partes* review of the '791, '280, and '310 patents. As a result of Apple's and third-party petitions, 15 of the 34 claims at issue in this case are now subject to *inter partes* review proceedings.

This Court was assigned the case on May 2, 2014. On August 1, 2014, Apple filed the present Motion to Stay Pending *Inter Partes* Review. (Dkt. No. 125 ("Motion").)

### III. DISCUSSION

Courts in this District examine three factors when determining whether to stay a patent infringement case pending review or reexamination of the patents: "(1) whether discovery is complete and whether a trial date has been set; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the nonmoving party." *Telemac Corp. v. Teledigital, Inc.,* 450 F. Supp. 2d 1107, 1111 (N.D. Cal. 2006) (citing *In re Cygnus Telecomms. Tech., LLC, Patent Litig.,* 385 F. Supp. 2d 1022, 1023 (N.D. Cal. 2005)).

Moreover, the above factors must be reviewed in the context of *Fresenius*, which held that "when a claim is cancelled, the patentee loses any cause of action based on that claim, and any pending litigation in which the claims are asserted becomes moot." *Fresenius USA, Inc. v. Baxter Int'l, Inc.,* 721 F.3d 1330, 1340 (Fed. Cir. 2013) *cert. denied*, 134 S. Ct. 2295 (U.S. 2014). "While the case law states several general considerations that are helpful in determining whether to order a stay, ultimately the Court must decide stay requests on a case-by-case basis." *TPK Touch Solutions, Inc. v. Wintek Electro–Optics Corp.,* Case No. 13–cv–02218 JST, 2013 WL 6021324, at *1 (N.D. Cal. Nov. 13, 2013) (citing *Comcast Cable Commc'ns Corp., LLC v. Finisar Corp.*, Case No. 06–cv–04206 WHA, 2007 WL 1052883, at *1 (N.D. Cal. Apr. 5, 2007)). Here, particularly in light of *Fresenius*, all three factors weigh in favor of granting the Motion.

### A. FACTOR 1: STAGE OF LITIGATION

First, the Court looks to the question of whether litigation has progressed significantly enough for a stay to be disfavored. In weighing this factor, courts examine the posture and

circumstances of each case on an individual basis. *See TPK Touch Solutions, Inc.,* 2013 WL 6021324, at *1. Factors courts have considered include: (1) whether parties have engaged in costly expert discovery and dispositive motion practice, *PersonalWeb Technologies, LLC v. Facebook, Inc.,* Case No. 13–cv–01356 EJD, 2014 WL 116340, at *4 (N.D. Cal. Jan. 13, 2014) (*"PersonalWeb I"*) ("parties have yet to engage in the significant and costly work of conducting expert discovery and preparing summary judgment motions"), *accord EMSAT Advanced v. T–Mobile USA, Inc.,* Case No. 08–cv–00817, 2011 WL 843205, at *2 (N.D. Ohio Mar. 8, 2011) ("several costly stages of litigation" remain); (2) whether the court has issued its claim construction order, *Interwoven, Inc. v. Vertical Computer Sys., Inc.,* Case No. 10–cv–04645 RS, 2012 WL 761692, at *4 (N.D. Cal. Mar. 8, 2012) ("the parties have fully briefed the issue of claim construction, attended a *Markman* hearing, and received a claim construction order"); and (3) whether the court has set a trial date, *Verinata Health, Inc. v. Ariosa Diagnostics, Inc.,* Case No. 12–cv–05501 SI, 2014 WL 121640, at *2 (N.D. Cal. Jan. 13, 2014) ("a trial date has been set for February 23, 2015 . . . and discovery is well underway"), *accord Telemac Corp.,* 450 F. Supp. 2d at 111.

Here, as PersonalWeb contends, the parties have undertaken significant work on the case. A substantial amount of fact discovery has been completed: the parties have exchanged over 100 requests for production of documents and have in fact produced over 500,000 pages; have propounded and responded to over 50 interrogatories; and have taken a dozen depositions. Further, in addition to work carried out by the parties, the judicial system has expended significant resources on the case. The Eastern District of Texas has overseen the proceedings thus far, set an initial trial date, and issued a claim construction order regarding all of the patents-in-suit.

As Apple points out, however, while much has been done, much remains, and the remaining work is costly. The Court has not set a fact discovery cutoff date.[4] The parties have yet to submit expert reports, and the totality of expert discovery remains. The parties have not begun dispositive motion practice. Finally, the Court has not set a trial date.

---

[4] A Case Management Conference is set for October 27, 2014. (Dkt. No. 127.)

4

This Court granted a stay in a procedurally similar case stemming from PersonalWeb's first wave of litigation. *See PersonalWeb I,* 2014 WL 116340. There, following the Claim Construction Order, the Texas court transferred "three of a suite of twelve patent infringement lawsuits against twenty-one separate defendants" to this District. *Id.* at *1. The PTO instituted *inter partes* review during the Texas proceedings, and the defendants moved to stay the litigation only after the cases were transferred to Judge Davila of this Court. *Id.* Upon transfer, Judge Davila acknowledged "[t]he parties and courts have already invested significant time and effort" in the case. *Id.* at *3. "[A] claim construction order has been issued and the close of fact discovery is fast approaching. However, a substantial portion of the work – expert discovery, summary judgment, pre-trial preparation, and trial itself – lies ahead." *Id.* Judge Davila found that, because the parties had "yet to engage in the significant and costly work of conducting expert discovery and preparing summary judgment motions" and because a trial date would not be set for six more months, the case was "not so far advanced that a stay would be improper." *Id.* at *4. In light of the cases' "particular procedural complexities," Judge Davila found that the stage of litigation weighed "slightly in favor of a stay." *Id.*

Other courts have granted stays in similarly postured cases. For example, in *EMSAT Advanced*, the parties had completed significant fact discovery when defendant moved to stay. *EMSAT Advanced*, 2011 WL 843205, at *2. However, the court had not set a trial date and expert discovery and dispositive motions still remained. *Id.* Observing that PTAB's reexamination of the patents-in-suit could eliminate or reduce these "several costly stages of litigation" the court found that, "while not in its earliest stages," the phase of litigation "does not warrant a denial of the motion to stay." *Id.*

The Court concurs with the perspectives set forth in *PersonalWeb Technologies* and *EMSAT Advanced*. In this case, too, already the parties have undertaken significant work, but the Court has not set a trial date and several costly stages of discovery remain. Moreover, the landscape of the litigation could change dramatically in light of any PTAB ruling and the parties should have the benefit of that change before making strategic choices for trial. Thus, this factor slightly weighs in favor of a stay.

### B.     FACTOR 2: SIMPLIFICATION OF ISSUES

Second, the Court looks to whether a stay will simplify the issues in question and trial of the case. A stay is favored where "the outcome of the reexamination would be likely to assist the court in determining patent validity and, if the claims were canceled in the reexamination, would eliminate the need to try the infringement issue." *Evolutionary Intelligence LLC v. Apple, Inc.,* Case No. 13–cv–04201 WHA, 2014 WL 93954, at *2 (N.D. Cal. Jan. 9, 2014) (quoting *Slip Track Sys., Inc. v. Metal Lite, Inc.,* 159 F.3d 1337, 1341 (Fed. Cir. 1998)). "A stay may also be granted in order to avoid inconsistent results, obtain guidance from the PTAB, or avoid needless waste of judicial resources." *Id.* "Indeed, it is not uncommon for this court to grant stays pending reexamination *prior* to the PTO deciding to reexamine the patent." *Pragmatus AV, LLC v. Facebook, Inc.,* Case No. 11–cv–02168 EJD, 2011 WL 4802958, at *3 (N.D. Cal. Oct. 11, 2011) (emphasis added); *see also Evolutionary Intelligence*, 2014 WL 93954, at *2. While "[t]here is no per se rule that patent cases should be stayed pending reexaminations, because such a rule 'would invite parties to unilaterally derail' litigation," *ESCO Corp. v. Berkeley Forge & Tool, Inc.,* Case No. 09–cv–1635 SBA, 2009 WL 3078463, at *2 (N.D. Cal. Sept. 28, 2009) (quoting *Soverain Software LLC v. Amazon.Com, Inc.,* 356 F. Supp. 2d 660, 662 (E.D. Tex. 2005)), the factors considered often will result in a stay when the PTO institutes review proceedings, given that review is granted only upon a showing of "reasonable likelihood" that the party seeking review will prevail. 35 U.S.C. § 314(a).

Here, of the 34 claims at issue, 15 are subject to various *inter partes* review proceedings instituted by Apple or third parties. Apple's *inter partes* review petition met the PTO's stringent "reasonable likelihood" standard involving four claims of '310 patent and was granted in March 2014. Further, the PTO granted additional *inter partes* review petitions brought by third parties involving 11 other claims-at-issue.[5] The PTAB's final decision on these 15 claims will substantially simplify the issues in this case. Either the claims, already found reasonably likely to

---

[5] NetApp *IPR* proceedings, regarding the '791 patent, commenced July 25, 2013; Rackspace *IPR* proceedings, regarding the '791, '280, '310 patents, commenced April 15, 2014.

be invalid, will become moot, or the Court will have the benefit of the PTAB's findings. Under both outcomes, the issues in question and trial of the case will be simplified.

PersonalWeb argues that, because 19 claims from 5 of the 7 patents are not subject to any *inter partes* review, the PTAB's final decision may not simplify a substantial number of issues. This argument is not persuasive because all seven of the patents-at-issue are related. All seven patents claim priority to U.S. Patent Application No. 08/425,160 and share a common specification. Moreover, all patents involve the same subject matter – data storage systems that use "substantially unique identifiers." Thus, the PTAB's final decision regarding the claims subject to *inter partes* review may overlap with claims not subject to *inter partes* review. This overlap will further simplify the issues and trial of this case, thus increasing judicial economy and conserving both the parties' and the Court's resources.

A stay has been granted in two factually similar cases from this District. For example, in *KLA–Tencor Corp. v. Nanometrics, Inc.*, the defendants "move[d] the court for a stay of all proceedings, including the litigation as to the '330 patent infringement cause of action, pending the reexamination of the '580 and '656 patents." *KLA–Tencor Corp. v. Nanometrics, Inc.,* Case No. 05–cv–03116 JSW, 2006 WL 708661, at *1 (N.D. Cal. Mar. 16, 2006). The PTAB was reexamining the '580 and '656 patents, but the PTO had not granted the '330 petition for reexamination. *Id.* at *4. However, the court found "even though the PTO has not determined yet whether it will reexamine the '330 patent, a stay of the entire suit is warranted because the reexamination of the '580 and '656 patents may significantly affect the litigation of the '330 patent." *Id.* The court reasoned a stay was proper because there were overlapping issues and substantially similar discovery needed for all the patents-in-suit. *Id.*

Similarly, in *Methode Elec., Inc. v. Infineon Technologies Corp.*, Infineon moved to stay the litigation of both the reexamined and non-reexamined patents-in-suit. *Methode Elec., Inc. v. Infineon Technologies Corp.,* Case No. 99–cv–21142 JW, 2000 WL 35357130, at *1 (N.D. Cal. Aug. 7, 2000). The court granted the stay because the issues regarding the non-reexamined patent "may be narrowed or amended as a result of the PTO's decision." *Id.* at *3. If the court only stayed the litigation pertaining to the reexamined patents, judicial economy would suffer because duplicate

7

discovery would occur. *Id.* Moreover, the court stayed the litigation of both the reexamined and non-reexamined patents because "it appears that there are overlapping issues" in the infringement action of the two patents. *Id.*

The Court concurs with the perspectives set forth in *KLA–Tencor* and *Methode*. In this case, while not all the claims-at-issue are subject to *inter partes* review, the issues and trial of the case will be simplified after the PTAB issues its final written decisions. Fifteen of the 34 claims are directly subject to *inter partes* review, and the remaining 19 claims are related with possible overlapping issues that could further simplify trial. Moreover, in determining whether to grant a stay of an entire case, courts consider whether there would remain, after the PTAB reexamination, issues "completely unrelated to patent infringement" for which a stay would not reduce the burden of litigation on both the parties and the court. *Imax Corp. v. In–Three, Inc.,* 385 F. Supp. 2d 1030, 1033 (C.D. Cal. 2005) (involving a myriad of claims both related and not related to patent infringement). If such matters "would continue to be an issue . . . a stay would not preserve many resources." *Id.* Here, however, the case at hand exclusively involves patent infringement claims. Thus, the Court finds that the PTAB's expertise resulting from *inter partes* review could potentially impact all claims. In this circumstance, unlike in a case involving both patent and other claims, a stay can be particularly effective.

The Court concludes that the second factor weighs in favor of a stay.

### C.    FACTOR 3: UNDUE PREJUDICE

Third, the Court looks to whether a stay would unduly prejudice or present a clear tactical disadvantage to the nonmoving party. PersonalWeb makes three arguments as to this factor: (1) the review and reexamination proceedings instituted against PersonalWeb are years from completion; (2) a stay will prejudice PersonalWeb's licensing efforts; and (3) the timing of Apple's petition for *inter partes* review and the instant Motion reveal gamesmanship. Upon review of these arguments, PersonalWeb does not persuade.

PersonalWeb's first argument, regarding the delay *inter partes* review proceedings cause, merely points to generalized harm such as the potential loss of evidence and availability of witnesses. Courts have repeatedly found no undue prejudice unless the patentee makes a specific

8

showing of prejudice beyond the delay necessarily inherent in any stay.  *E.g., Pragmatus AV,* 2011 WL 4802958, at *4; *Pi–Net Int'l, Inc. v. Focus Bus. Bank,* Case No. 12–cv–4958 PSG, 2013 WL 4475940, at *4 (N.D. Cal. Aug. 16, 2013) *reconsidered on other grounds*, Case No. 12–cv–4958 PSG, 2013 WL 5513333 (N.D. Cal. Oct. 3, 2013).  The "'delay inherent in the reexamination process does not constitute, by itself, undue prejudice.'"  *ESCO Corp.,* 2009 WL 3078463, at *3 (quoting *SKF Condition Monitoring, Inc. v. SAT Corp.,* Case No. 07–cv–1116 BTM, 2008 WL 706851 at *6 (S.D. Cal. Feb. 27, 2008)); *accord Telemac Corp.,* 450 F. Supp. 2d at 1111 ("the likely length of reexamination is not, in itself, evidence of undue prejudice").  Here, the parties completed a substantial amount of fact discovery, including videotaped depositions of the patent inventors, thus the fear of lost evidence is largely unwarranted.  Further, the PTAB's prior *inter partes* review proceedings regarding the patents-in-suit have already raised serious questions about the validity of the patents asserted in this litigation.  Therefore, the Court finds no prejudice stemming from the length of the *inter partes* review process.

As to PersonalWeb's second argument, that entry of a stay will harm its efforts to license the patents-in-suit, speculative harm to licensing efforts does not supply a reason to deny a stay.  "[C]ourts have consistently found that a patent licensor cannot be prejudiced by a stay because monetary damages provide adequate redress for infringement."  *Pragmatus AV,* 2011 WL 4802958, at *4 (internal quotations and brackets omitted).  Further, "[s]hould one or more of the asserted claims not survive *inter partes* review, [plaintiff] should not be entitled to exclude others from practicing invalid claims."  *Evolutionary Intelligence,* 2014 WL 93954, at *3.  Here, the Court is aware that 5 of the 7 patents-at-issue are set to expire in April 2015 which, PersonalWeb argues, creates undue hardship.  The Court disagrees.  Whether or not the stay is granted, the validity of the patents likely will not be fully determined in any event by April 2015.  In fact, a PTAB decision which is already underway may expedite, not delay, resolution.

Third, PersonalWeb argues that the timing of Apple's petition for *inter partes* review and this Motion is evidence of gamesmanship.  This argument has some force.  Apple waited a year after this suit was filed to petition for *inter partes* review and almost another year to file the present

9

Motion.[6] Extreme delay of that sort weighs against a stay. *Evolutionary Intelligence,* 2014 WL 93954, at *4 (waiting until the last day "reeks of gamesmanship"); *accord Evolutionary Intelligence v. Facebook, Inc.,* Case No. 13–cv–4202 SI, 2014 WL 261837, at *4 (N.D. Cal. Jan. 23, 2014). However, as Apple contends, the Motion was not ripe until after the case was transferred to this District. The PTO did not grant *inter partes* review until after this case was transferred to this District,[7] and the PTAB's Final Written Decision holding 7 of the claims at issue invalid was not issued until May 15, 2014. Nonetheless, on balance, Apple's delay in filing does not outweigh the significant probability that many of the claims at issue will be simplified or mooted.

In the final analysis, PersonalWeb's arguments against staying the case are not persuasive. The Court further notes that, here, the parties here do not compete in the marketplace. "Unlike patent infringement actions involving non-practicing entities, infringement among competitors can cause harm in the marketplace that is not compensable by readily calculable money damages." *Avago Technologies Fiber IP (Singapore) Pte. Ltd. v. IPtronics Inc.,* Case No. 10–cv–02863 EJD, 2011 WL 3267768, at *11 (N.D. Cal. July 28, 2011) (citing *Acumed LLC v. Stryker Corp.,* 551 F.3d 1323, 1327–28 (Fed. Cir. 2008)). Accordingly, this factor also supports the conclusion that PersonalWeb will suffer no undue prejudice from staying this litigation during *inter partes* review and weighs in favor of granting the Motion.

**IV.   CONCLUSION**

For the reasons set forth above, the Court **GRANTS** the motion of defendant Apple. Case No. 14–cv–1683 YGR is hereby **STAYED** pending final exhaustion of the *inter partes* review proceedings to which U.S. Patent No. 7,802,310 is currently subject. Apple is **ORDERED** to file a status notice with the Court no more than five days after the PTAB's completion of *inter partes* review proceedings regarding the '310 patent. The Case Management Conference (Dkt. 127) set for October 27, 2014 is hereby **VACATED**.

---

[6] PersonalWeb filed the instant suit in the Eastern District Texas on September 17, 2012. Apple filed its petition for *inter partes* review on September 18, 2013, and the present Motion on August 1, 2014.

[7] On March 26, 2014, the PTO granted Apple's petition for *inter partes* review.

United States District Court
Northern District of California

This Order terminates Docket No. 125.

**IT IS SO ORDERED**

Date: September 24, 2013

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

11